1

**Julian McMillan (SBN241937)**
**McMillan Law Group, APC**

2

4655 Cass St., Suite 404
San Diego, CA 92109

3

PH: 619.795.9430
FX: 619.241.8291

4

5

Attorney for Plaintiff
LAURIE J. STEVENS

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

Case No.:   **'21 CV0524 JLS  JLB**

12

LAURIE J. STEVENS, an individual

13

14

Plaintiff

15

v.

16

NISSAN NORTH AMERICA, INC., a
California Corporation, and MOSSY

17

NISSAN, INC., a California Corporation

**COMPLAINT FOR DAMAGES**

18

Defendants

**DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

1

2   Plaintiff alleges as follows:

3   **PARTIES**

4   1.     LAURIE J. STEVENS, Plaintiff ("PLAINTIFF") in this action is an

5   individual, and at all times relevant hereto, resided in the County of San Diego,

6   State of California.

7   2.     Defendant NISSAN NORTH AMERICA, INC., ("NISSAN") is a

8   California corporation incorporated in and existing under the laws of the state of

9   California and having its headquarters in Franklin, Tennessee.

10   3.     At all times relevant hereto, Defendant NISSAN was and is engaged

11   in the business of marketing, selling, and/or distributing Chevrolet vehicles.

12   4.     Defendant MOSSY NISSAN, INC., ("MOSSY") is California

13   Corporation doing business in the County of San Diego, State of California.

14   5.     At all times relevant hereto, Defendant MOSSY was, and is an

15   automobile dealership doing business in the County of San Diego, State of

16   California.

17   6.     All acts of corporate employees as alleged were authorized or

18   ratified by an officer, director, or managing agent of the corporate employer.

19   7.     Each Defendant whether actually or fictitiously named herein was

20   the principal agent (actual or ostensible) or employee of each other Defendant and

21   in acting as such principal or within the course and scope of such employment or

22   agency, took some part in the acts and omissions hereinafter set forth by reason of

23   which each Defendant is liable to Plaintiff for the relief prayed for herein.

24   8.     The claims identified in this Complaint arise out of the sale of a

25   vehicle from Defendant MOSSY, located in Escondido, in the County of San

26   Diego, State of California, as well as the failure to repair said vehicle by

27   Defendants MOSSY and NISSAN.

28

## JURISDICTION

9.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff is a citizen of the State of California.

10.     This Court further has subject matter jurisdiction over this matter as Plaintiff brings claims under 15 U.S.C. §2310 *et. seq.*

11.     This Court further has supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 15 U.S.C. § 1367, as they arise out of a common nucleus of operative fact and are intertwined and interrelated.

12.     Defendant NISSAN, a California corporation, regularly conducts business in the County of San Diego, State of California.

13.     Defendant MOSSY, a California corporation, regularly conducts business in the County of San Diego, State of California.

14.     Unless otherwise specifically stated, the allegations contained herein occurred in the County of San Diego, State of California.

## GENERAL ALLEGATIONS

15.     Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though fully set forth herein.

16.     On or about April 8, 2018, Plaintiff and Defendants entered into a Motor Vehicle Lease Agreement ("Lease Agreement") providing for the Lease of a 2018 Nisan Leaf (VIN: 1N4AZ1CP1JC306235) ("Vehicle")

17.     Plaintiff leased the Vehicle primarily for personal, family, or household purposes.

18.     Plaintiff leased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

19.     In connection with the purchase, Defendants provided Plaintiff with an express written warranty in which Defendants undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.

20.     The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendants' representative(s) and the Vehicle would be repaired.

21.     During the warranty period, the Vehicle contained or developed various defects including but not limited to, defects with the Vehicle's acceleration, steering, the ProPILOT Assist advanced driving assistance system (ADAS).

22.     During the warranty period, the defects described in paragraph 21 above caused the Vehicle to not start, to make a loud clicking noise when it did start, to "pull" the steering to one side or the other, sometimes so much so that it caused Plaintiff to depart the lane she was in, and to alert her with urgent warnings that the system needed immediate repair.

23.     On or about December 2020, the ProPILOT Assist ADAS malfunctioned causing the Vehicle to depart its lane unexpectedly, leading to a collision and resulting in $10,202.87 in repairs to the Vehicle.

24.     As a result of these issues and defects, Plaintiff does not feel safe operating the Vehicle.

25.     Plaintiff brought the Vehicle to Defendant MOSSY, one of Defendant NISSAN's authorized repair facilities, for repair on the following dates:

- December 20, 2018
- December 22, 2018
- January  27, 2020
- February 4, 2020

- August 10, 2020

- October 25, 2020

26.     After each of the above-listed service appointments, when Plaintiff picked up the Vehicle, the defects described herein continued and had not been repaired.

27.     For the remainder of the applicable lease period, the Vehicle's defects described herein remained unrepaired despite the multiple times Plaintiff brought the Vehicle to Defendants for repair.

28.     On or January of 2021, Plaintiff contacted Defendant NISSAN through their Consumer Affairs Department to seek repurchase of the Vehicle.

29.     Plaintiff then timely returned all requested documentation to Defendant NISSAN per Defendant's NISSAN's repurchase claim processing/consumer affairs department.

30.     On or about February 24, 2021, Defendants sent a letter to Plaintiff declining to repurchase the Vehicle, stating, "Nissan carefully considered your request and reviewed all available facts pertaining to your specific situation. As a result of this thorough review, Nissan determined we are not in the position to repurchase your vehicle at this time."


**FIRST CLAIM FOR RELIEF**

**(BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY 15 U.S.C §2310(d) AND CAL. CIV. CODE §1794)**

31.     Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though fully set forth herein.

32.     Pursuant to 15 U.S.C. § 2301 and Cal. Civ. Code §§ 1792 and 1791.1, Defendants offered and sold the Vehicle accompanied by an implied warranty of merchantability.

33.     The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

34.     Beginning on or about November of 2018, and during the period in which the implied warranty was in effect, the Vehicle contained or developed defects stated above. The existence of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

35.     The duration of the implied warranty is coextensive in duration with the duration of the express warranty provided by Defendants.

36.     Despite bringing the Vehicle in for repair on at least six (6) separate occasions, Defendants failed to repair the Vehicle.

37.     Plaintiff additionally participated in Defendant NISSAN's informal dispute resolution department, only to have Defendant NISSAN deny Plaintiff's request that Defendant NISSAN repurchase the Vehicle.

38.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle and has exercised her right to cancel the sale. By serving this Complaint, Plaintiff does so again.

39.     Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price.

40.     In addition, Plaintiff seeks the remedies set forth in California Civil Code §1794(b)(2), including the diminution in value of the Vehicle resulting from

its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

41.     Plaintiff was damaged by Defendants' failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and Civil Code §1794.

## SECOND CLAIM FOR RELIEF

## (DEFENDANTS FOR BREACH OF EXPRESS WARRANTY 15 U.S.C. § 2310(d) AND CAL. CIV. CODE §1794)

42.     Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though fully set forth herein.

43.     In accordance with Defendant NISSAN's warranty, Plaintiff delivered the Vehicle to Defendant MOSSY, an authorized repair provider in this state, to perform warranty repairs. Plaintiff did so within a reasonable time.

44.     Despite bringing the Vehicle in for repair on at least six (6) separate occasions, Defendants failed to repair the Vehicle.

45.     Plaintiff additionally participated in Defendant NISSAN's informal dispute resolution department, only to have Defendant NISSAN deny Plaintiff's request that Defendant NISSAN repurchase the Vehicle.

46.     Plaintiff has been damaged by Defendants' failure to comply with its obligations under the express warranty, and therefore bring this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code §1794.

47.     Defendants' failure to comply with their obligations under the warranty was willful, in that Defendants and their representatives were aware of their obligations to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. As well, Defendants were aware of the defect when Plaintiff purchased the Vehicle. Accordingly, Plaintiff is entitled

to a civil penalty of two times actual damages pursuant to Cal. Civ. Code §
1794(c) and 15 U.S.C. § 2310(d).

48.     Defendants failed to meet their obligations for their alleged informal
dispute resolution mechanism and therefore failed to comply with the
requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted
pursuant to thereto by the Federal Trade Commission.

### THIRD CLAIM FOR RELIEF BY PLAINTIFF AGAINST
### (DEFENDANTS FOR FAILURE TO PROMPTLY REPURCHASE
### PRODUCT 15 U.S.C. § 2310(D) AND CAL. CIV. CODE § 1793.2(d))

49.     Plaintiff incorporates by reference all preceding paragraphs in this
Complaint as though fully set forth herein.

50.     Despite bringing the Vehicle in for repair on at least six (6) separate
occasions, Defendants failed to repair the Vehicle.

51.     Defendants and their representatives in this state have been unable to
service or repair the Vehicle to conform to the applicable express warranties after
a reasonable number of attempts.

52.     Despite this fact, Defendants failed to promptly replace the Vehicle
or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and
1793.1(a)(2), and therefore bring this claim pursuant to § 1794.

53.     Plaintiff has been damaged by Defendants' failure to comply with
their obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1 (a)(2), and
therefore brings this claim pursuant to § 1794.

54.     The provisions of Civil Code § 1793.2(d) existed at the time
Defendants gave the express warranty and for that reason, those provisions were
incorporated into the terms of the express warranty by operation of California law.
Accordingly, Defendants' violation of § 1793.2(b) was a breach of terms of the
express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

55.     Defendants' failure to comply with their obligations under § 1793.2(d) was willful, in that Defendants and their representative were aware that they were and are unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendants failed to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to §1794(c) and 15 U.S.C. § 2310(d)

56.     Defendants do not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendants' violations of § 1793.2(d) and its notice thereof, Defendants failed to comply with their obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e) and 15 U.S.C. § 2310(d).

57.     Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties as provided in § 1794(f).

58.     Defendants failed to meet their obligations for their alleged informal dispute resolution mechanism and therefore failed to comply with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## FOURTH CLAIM FOR RELIEF

### (FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794)

59.     Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though fully set forth herein.

60.     Although Plaintiff delivered the Vehicle to Defendants' representative in this state, Defendants and their representatives failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b).

61.     Plaintiff has been damaged by Defendants' failure to comply with their obligations pursuant to § 1793.2(b), and therefore bring this claim pursuant to §1794.

62.     The provisions of Civil Code § 1793.2(b) existed at the time the Defendants gave the express warranty and for that reason, those provisions were incorporated into the terms of the express warranty by operation of California law. Accordingly, Defendants' violation of § 1793.2(b) was a breach of the terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. §2310(d).

63.     Defendants' failure to comply with their obligations under § 1793.2(b) was willful in that Defendants and their representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to §1794(c) and 15 U.S.C. § 2310(d).

64.     Defendants do not maintain a qualified third-party dispute resolution mechanism and therefore failed to comply with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## FIFTH CAUSE OF ACTION

(NEGLIGENT REPAIR – AGAINST DEFENDANT MOSSY)

65.    Plaintiff incorporates by reference all preceding paragraphs in this Complaint as though fully set forth herein.

66.    Defendant MOSSY owed a duty to Plaintiff to use ordinary care and skill in storage, preparation, and repair of the Vehicle in accord with industry standards.  Defendant MOSSY, in failing to properly repair the Vehicle, breached that duty of ordinary care and skill.

67.    Defendant MOSSY's negligence was a proximate cause of Plaintiff's damages.

68.    Defendant MOSSY owed a duty to Plaintiff to use ordinary care and skill in storage, preparation, and repair of the Vehicle according to industry standards.

69.    By failing to properly repair the Vehicle, Defendant MOSSY breached that duty of ordinary care and skill.

70.    Defendant MOSSY's negligence was a proximate cause of Plaintiff's damages.

## **PRAYER**

PLAINTIFF PRAYS for judgment against Defendants as follows:

1. For actual and/or statutory damages, including restitution, subject to proof;

2. A civil penalty for double the amount of any actual and statutory damages, subject to proof;

3. For any consequential and incidental damages, subject to proof;

4. For punitive damages;

5. For costs of the suit and Plaintiff's reasonable attorney fees, subject to proof;

6. For prejudgment interest at the legal rate;

7. And for such other relief as the Court may deem proper.

Dated: March 21, 2021          MCMILLAN LAW GROUP, APC

                        By:   */s/ Julian McMillan, Esq.*
                             Julian McMillan, Esq.
                             Attorney for Plaintiff
                             Laurie J. Stevens

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

3

4

Dated: March 21, 2021                              MCMILLAN LAW GROUP, APC

5

                                                   By:     */s/ Julian McMillan, Esq.*
6                                                          Julian McMillan, Esq.
                                                           Attorney for Plaintiff
7                                                          Laurie J. Stevens

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28